UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20704-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS FERNANDEZ,

    Defendant.
_____/

### ORDER DENYING MOTION TO SEVER OR AMEND COUNT VI

Presently pending before this Court is Defendant Luis Fernandez's Motion to Sever or Amend Count VI (DE # 52). The government has responded in opposition (DE # 64); there is no reply. The Honorable Ursula Ungaro, United States District Judge, has referred this matter to the undersigned United States Magistrate Judge (DE # 55). A hearing was held on November 14, 2008. For the reasons stated below, the motion is denied.

    I. BACKGROUND

Defendant Luis Fernandez is charged in the Superseding Indictment with committing five federal offenses relating to his participation in a carjacking and home-invasion style robbery which occurred on February 21, 2007 (DE # 21). Specifically, he is charged with co-defendant Miguel Vasquez-Febles in counts one and three with carjacking two separate vehicles; in count two with holding a person hostage; and in count four with possession of a firearm in furtherance of these crimes of violence. Co-defendant Vasquez-Febles is charged separately in count five with possession of a stolen firearm, specifically a Beretta 9 mm semi-automatic pistol, on February 21, 2007. Defendant Fernandez is separately charged in count six with possession of the stolen

Beretta between February 21, 2007, and August 23, 2007.  Defendant Fernandez seeks to sever count six from the remaining counts of the indictment; or, to have the court amend count six to eliminate the charge of possession on any date other than February 21, 2007.

A review of the Complaint (DE # 1), as well as the government's proffer in their response to the motion and at the hearing, reflects that the government intends to present evidence of the following events to support these charges.  On the morning of February 21, 2007, victim Y. Sierra drove away from her home in her Nissan.  After traveling several blocks, two cars boxed her vehicle at an intersection.  One person initially approached her car brandishing a firearm.  Y. Sierra was forced to the back seat, and another person climbed into the front of her car and drove it back to her house.  En route, they stopped to allow two other persons to enter the car.  When the four subjects entered the house, they donned masks and gloves.

When they arrived at the house, Y. Sierra was taken to the master bedroom where her husband and infant child were on the bed.  Her husband, M. Segui was holding the 9mm Beretta which is the subject of counts five and six.  The intruders told M. Segui that he must drop the firearm or they would kill his wife and infant.  M. Segui then surrendered the 9mm Beretta.  The intruders then tortured M. Segui in an effort to make him tell them where money was located.  Ultimately, the intruders left the house after Y. Sierra heard one of them say that they believed M. Segui was dead.  When the intruders fled, they stole the victim's other car, a Mercedes, a quantity of cash, some jewelry, cellular telephones, and the 9mm Beretta.

On August 23, 2007, the 9mm Beretta was recovered during the course of an undercover operation in which defendant Fernandez and five co-defendants were

arrested. The defendants were attempting to commit a home invasion robbery of a location that they believed was a cocaine stash house. On that date, defendant Fernandez and several of his co-defendants were recorded by a confidential source ("CS") discussing his intent to participate in the planned robbery. During the meetings, defendant Fernandez and the others had agreed that they would travel to the robbery location in two vehicles--one vehicle transporting the robbers and the other vehicle carrying the firearms. Defendant Fernandez stated that he had instructed his associate, Roberto Davila, to bring a number of firearms to be used during the planned robbery. Several hours after the first recorded meeting, the CS returned to the apartment where Defendant Fernandez and the others had agreed to meet before the planned robbery. A short time later, Davila and the CS left the apartment. Davila was carrying a black duffel bag which he and defendant Fernandez placed into the back of the CS's vehicle. Davila and defendant Fernandez then put objects from two other vehicles into the duffel bag. After the CS's car was loaded, defendant Fernandez and his associates climbed into a separate vehicle. They were then pulled over by the police and arrested as they traveled in the direction of the planned robbery. The black duffel bag was searched and found to contain five firearms, including the Beretta 9mm pistol which had been reported stolen in the February 21st robbery which is the subject of the present Superseding Indictment. DNA testing has linked defendant Fernandez to a mask that was left at the victim's residence on February 21st.

   II.    THE MOTION TO SEVER OR AMEND COUNT VI

Defendant Fernandez contends that count 6 constitutes prejudicial misjoinder with the remaining counts of the Indictment since it seeks to add an unrelated offense, specifically possession of the firearm on or about August 23, 2007, to the remaining

counts which occurred in an unrelated incident on February 21, 2007. He contends that it is impermissible to use "artful drafting" of the Indictment to bootstrap the unrelated evidence of a crime that occurred on August 23, 2007, and which is the subject of a separate indictment in Case No. 07-20714-CR-LENARD, into the present case. Although the defendant cited only Rule 8 of the Federal Rules of Criminal Procedure in his motion, at the oral argument, in response to the court's questioning, he also indicated that by claiming prejudicial misjoinder he also intended to rely on Rule 14 of the Federal Rules of Criminal Procedure.

In response, the government argues that count six is properly joined since possession of the stolen firearm on August 23, 2007, is directly related to the events of February 21, 2007. The government emphasizes that possession of the stolen Beretta on August 23, 2007, is direct evidence that the defendant was involved in the February 21, 2007 robbery in which the Beretta was stolen. In addition, the government argues that it is proper to charge a continuing possession of the stolen firearm between the two dates, since a continuing possession constitutes only one offense regardless of the number of times a defendant is seen in possession of that weapon.

### III.    LEGAL ANALYSIS

Federal Rule of Criminal Procedure 8(a) governs joinder of offenses against a defendant. It permits such joinder if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In *United States v. Dominguez*, 226 F.3d 1235, 1238-42 (11th Cir. 2000), the Eleventh Circuit set forth the procedure to be used in determining whether initial joinder is proper under Rule 8. Generally speaking, the Court must first look to the face of the

indictment to determine whether joinder is proper under Rule 8.  If the indictment contains allegations which demonstrate that the offenses arise from transactions connected together or are parts of a common scheme, the Court may rely upon the indictment to determine that initial joinder is proper.  If, however, the face of the indictment does not reflect the propriety of joinder, the Court may consider other evidence proffered by the government.  Thus, in *Dominguez*, where the government joined mortgage fraud offenses with narcotics offenses, and the relationship between those offenses did not appear on the face of the indictment, joinder was ruled proper since the government's evidence demonstrated that the drug activity was the motive for the mortgage fraud.

In the case at bar, it is clear that the possession of a stolen firearm count arises from the same events that form the basis for the remaining counts of the Indictment since the weapon was stolen during the course of committing those crimes.  Moreover, as pointed out by the government, evidence that it was recovered from the defendant at a later date directly links defendant Fernandez to the remaining offenses.  Finally, as noted by the government, it is proper to allege possession during a period of time since continuing possession is only one offense. *United States v. Rivera*, 77 F.3d 1348 (11th Cir. 1996); *United States v. Horodner*, 993 F.2d 191 (9th Cir. 1993).  There is no authority which would permit the court to amend the charging language of the Indictment to limit the government to a single date of unlawful possession.

It is well-settled that where joinder is proper under Fed. R. Crim. P. 8, a severance under Rule 14 is warranted only where a defendant can make a showing of "specific and compelling prejudice" which would render the jury incapable of independently evaluating the evidence as to each offense.  *Zafiro v. United States*, 506 U.S. 534 (1993);

*United States v. Hernandez*, 921 F.2d 1569, 1579-80 (11th Cir. 1991); *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985); *United States v. Scott*, 659 F.2d 585, 589 (5th Cir. 1981); *United States v. Cartwright*, 632 F.2d 1290, 1293-94 (5th Cir. 1980).

In the case at bar, the undersigned recognizes that evidence that the defendant participated in an unrelated home invasion robbery approximately six months after the robbery charged in the case at bar is prejudicial.  However, under the circumstances present in the case at bar, the evidence surrounding the recovery of the stolen weapon is a crucial piece of evidence which links the defendant to the offenses charged in the case at bar.  This evidence is admissible regardless of whether count six is severed. *See United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006).  The court can protect the defendant from suffering the compelling prejudice which would justify a severance by limiting the amount of evidence of the uncharged offense and by appropriately instructing the jury concerning the limited purpose for which such evidence was admitted.

Therefore, based upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that  Defendant Luis Fernandez's Motion to Sever or Amend Count VI (DE # 52) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on December 1, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
        United States District Judge
All counsel of record via CM/ECF